IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CHANAY MACKEY, | ) | |
| | ) | No. 11 CV 5551 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CITY OF COUNTRY CLUB HILLS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Chanay Mackey complains of Defendant City of Country Club Hills as follows:

### NATURE OF THE ACTION

1. This is a civil rights action under 42 U.S.C. § 1983, charging Defendant City of Country Club Hills, through its policy making body the City Council, with violating Plaintiff's rights as guaranteed under the Fourteenth Amendment. Plaintiff is an employee of the City of Country Club Hills, Illinois who has endured gender discrimination at her job on the part of the Defendant.

### JURISDICTION AND VENUE

2. Jurisdiction over this action exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue in this action is proper in this district under 28 U.S.C. § 1391(a), because the parties all reside in this district and the unlawful conduct alleged herein occurred and continues to occur in this district.

## PARTIES

4. Plaintiff Chanay Mackey ("Mackey") is a resident of Flossmoor, in Cook County, Illinois. Mackey was hired by the City of Country Club Hills in 2007. Presently, she holds the positions of head of Human Resources and head of Risk Management.

5. Defendant City of Country Club Hills ("Country Club Hills" or "the City") is a unit of municipal government located in Cook County, Illinois.

## FACTUAL ALLEGATIONS

6. In 2007, Mackey was hired as the Head of Risk Management for Country Club Hills. Subsequently, Mackey was asked to take on the additional responsibilities of the head of Human Resources for Country Club Hills. Mackey performed her jobs with ability and professionalism

7. On April 5, 2011, a municipal election in Country Club Hills resulted in that city's Mayor, Dwight Welch, being reelected, but with the majority of the newly-elected City Council being aligned against him. Following that election, certain of those aldermen began indicating that there were going to be "changes" in the City's government.

8. Both before and after this election, these aldermen began voicing complaints to the effect that, "These women [i.e. the women employees of Country Club Hills] make too much money," and "What skills do these people [i.e. the women employees of Country Club Hills] have to do the jobs that they have?"

9. Ten aldermen make up the City Council of Country Club Hills. Seven of these aldermen voted on or about July 11, 2011 to eliminate certain City positions. Overwhelmingly, the positions eliminated were held by women. The female employees and positions eliminated effective July 11, 2011 were: (1) Henrietta Turner, City Manager; (2) Paula Smothers, Director

2

of Public Works; (3) Marge Seltzer, Director of Public Relations; (4) Wanda Comein, Director of Boards and Commissions; (5) Allison Brothen, Finance Director; (6) Syreeta Slappey, Administrative Assistant; (7) Madelyn Holland, Administrative Assistant; (8) Michelle Garner, Administrative Assistant; (9) Shelia Watson, Administrative Assistant; and (10) Teri O'Donnell, police commander. Only three men's positions were eliminated as a result of this vote, and all three men were police commanders.

10.  On the same date, Mackey's salary was reduced by by the same seven aldermen from approximately $88,028.00 a year to approximately $44,014.00 a year. Initially, Mackey had been told that her positions had been targeted for elimination also, but she ultimately was retained by the City with reduced pay.

11.  These votes to eliminate positions and reduce Mackey's salary were ostensibly taken "to trim the fat" in the City's budget, though the City's then current budget already had been balanced before any of those cuts were implemented.

12.  Though Mackey is the head of the City's Human Resources department, she has not been included in any of these staffing decisions made by the City Council.

13.  Since the vote, Mackey has been told by the seven aldermen that she "need[s] to prove herself" to show that she should retain her job. The only other person who has been told by these aldermen that she must "prove herself" was another woman: Valerie Lewis, a vice-president of the Owens Group, the City's insurance broker.

14.  As a result of these actions by the City Council, all the remaining department heads for Country Club Hills, except for one, are men. The male department heads have not been asked to "prove themselves," asked to demonstrate that their credentials are appropriate for the positions that they hold, or had their positions cut to part-time.

3

15. While Mackey's pay was greatly reduced, her responsibilities have stayed the same or have been increased. As a result, Mackey has been required to continue to work essentially a 40 hour week while she is compensated as if for part-time work. Mackey has come to believe these working arrangements have been intentionally instituted to coerce her into resigning from her position.

## COUNT I – VIOLATION OF EQUAL PROTECTION – DEPRIVATION OF RIGHTS
### (Section 1983 Claim)

1-15. Mackey repeats and realleges paragraphs 1-15 as though fully set out herein.

16. Mackey had a constitutionally protected right not to be treated less favorably than similarly situated male employees at her job with Country Club Hills because of her gender. U.S. Constitution, Amendment XIV.

17. Defendant intentionally subjected Mackey to unequal and discriminatory treatment by cutting her compensation while not taking the same actions against similarly-situated male employees, and by holding her to higher standards for the execution of her job duties than the standards imposed upon similarly situated male employees. These actions altered the conditions and terms of her employment because of her gender.

18. Defendant's actions have deprived Mackey of her Equal Protection right to be free from gender discrimination under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

19. Defendant Country Club Hills is liable for deprivations of Mackey's Equal Protection rights because the aldermen who caused such deprivations are policymakers for Country Club Hills.

20. Defendant's actions were intentional, willful, and malicious or in deliberate indifference for Mackey's rights as secured by the Fourteenth Amendment and 42 U.S.C. § 1983.

21. Defendant's intentional discrimination against Mackey based on her gender caused Mackey to suffer mental anguish, inconvenience, pecuniary losses, including but not limited to loss of pay, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Chanay Mackey prays that this Court:

I. Enter judgment in favor of Mackey and against Defendant City of Country Club Hills, declaring that Defendant has violated Mackey's Equal Protection rights;

II. Award Mackey compensatory damages in amounts that will reasonably compensate Mackey for her losses;

III. Award Mackey her costs, attorneys' fees, and non-taxable expenses incurred in this action; and

IV. Grant such further and other relief as is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted,

s/ Terence J. Moran
One of the Attorneys for the Plaintiff

Terence J. Moran
Karyn L. Bass Ehler
Mark A. Cisek
Hughes, Socol, Piers, Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100